UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:17-CR-45-HAB |
| ) | |
| DORRION JEFFERSON ) | |

**OPINION AND ORDER**

While Defendant likely does not have a portrait that ages with his every vice, his life has no less revolved around narcotics than the eponymous character of 19th century fiction. On the heels of two prior state felony drug offenses, Defendant pleaded guilty in this Court to a third drug offense. That plea garnered Defendant a 204-month sentence.

Although he agreed to that sentence some eighteen months ago, Defendant has had second thoughts. Currently before the Court is Defendant's Motion for Sentence Reduction under 3582(c)(1)(B) and (c)(2) (ECF No. 139). The Motion is less than clear, but it appears that Defendant believes that Section 401 of the First Step Act of 2018's change to the offenses that qualify an individual for enhanced sentencing under 21 U.S.C. § 841 somehow alter the determination that he is a career offender under U.S.S.G. § 4B1.1. Whatever the merits of Defendant's claim, he waived any challenge to his sentence under the express terms of his plea agreement. The Court finds the waiver binding and dispositive of his current request.

**A.    Procedural History**

On August 23, 2017, Defendant was indicted on three counts of distributing cocaine and methamphetamine. Defendant pleaded guilty on May 3, 2019, to a single count of distributing methamphetamine pursuant to a plea agreement for a binding 204-month term of imprisonment. The plea agreement provided, in pertinent part:

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement. With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

(ECF No. 101 at 6). This Court accepted Defendant's plea and, on August 21, 2019, sentenced him to the agreed-upon term of imprisonment followed by a five-year term of supervised release.

**B.      Legal Discussion**

"When the defendant pursuant to the plea agreement has knowingly and voluntarily waived his appellate rights, and the terms of that waiver are express and unambiguous, we will enforce those terms." *United States v. Smith*, 759 F.3d 702, 706 (7th Cir. 2014). The same rule applies to waivers of the right to file a motion for sentence reduction. *See United States v. Soto-Ozuna*, 681 F. App'x 527, 528 (7th Cir. 2017) (holding that motion for sentence reduction under 18 U.S.C. § 3582(c)(2) was barred by plea waiver agreeing not to "seek to modify his sentence . . . in any type of proceeding."). Plea waivers are upheld and enforced with limited exceptions in cases in which (1) "the plea agreement was involuntary," (2) "the district court relied on a constitutionally impermissible factor (such as race)," (3) "the sentence exceeded the statutory maximum," or (4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011) (internal quotation marks and quoted authority omitted); *Gaylord v. United States*, 829 F.3d 500, 505 (7th Cir. 2016).

The Court is mindful of the fact that Defendant's plea waiver does not contain language, like in *Soto-Ozuna*, that expressly waives his right to seek a sentence modification. The Court is

further mindful of the fact that the Seventh Circuit has rejected a waiver argument in the context of § 3582(c)(2) when presented with waiver language strikingly like the language here. *United States v. Woods*, 581 F.3d 531, 533–37 (7th Cir. 2009), *overruled on other grounds United States v. Taylor*, 778 F.3d 667 (7th Cir. 2015). However, the Court finds an important distinction between this case and *Woods*. *Woods*, like many other cases, rejected the notion that an individual could waive the right to seek a modification where there was a significant change in the law, absent express language in the waiver clause. *See*, *e.g.*, *United States v. Ellerby*, 2020 WL 2395619, at *2 (D. Md. May 12, 2020) (defendant who pled guilty in 2016 could not have waived his right to bring a motion under the First Step Act); *United States v. Burrill*, 2020 WL 1846788, at *2 (N.D. Cal. Apr. 10, 2020) (movant for compassionate release who waived his right to seek relief § 3582 in 2017 was not barred). That is not the case here: Defendant's plea was agreed to months after the First Step Act was passed. Thus, the very legal challenges he raises now were available to him at the time of sentencing.

Defendant does not seek a modification as a result of a change in law. As the Government notes, Defendant failed to raise his current challenges by way of a timely appeal. The current motion seems to be his attempt to correct that oversight or, more cynically, an end run around the express plea waiver. The Court does not interpret *Woods* as permitting this kind of gamesmanship simply because a defendant characterizes an appeal of the merits of his sentence as a motion under the First Step Act. Moreover, Defendant raises no grounds on which the Court could ignore the waiver and the Court can conceive of none. Accordingly, his motion must be denied.

**C.     Conclusion**

For the foregoing reasons, Defendant's Motion for Sentence Reduction under 3582(c)(1)(B) and (c)(2) is DENIED.

SO ORDERED on January 6, 2021.

                                                s/ *Holly A. Brady*
                                                JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT