UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:17-CR-45-HAB |
| | ) | |
| DORRION JEFFERSON | ) | |

**OPINION AND ORDER**

This matter comes before the Court on Defendant's letter (ECF No. 143) seeking compassionate release under 18 U.S.C. § 3582(c)(1). Defendant's letter was referred to the Federal Community Defender to consider representing Defendant. (ECF No. 144). The FCD declined representation. (ECF No. 145). The Government filed its Response (ECF No. 146) and Defendant has failed to file a reply. Defendant's letter is now ripe for determination.

**A.     Defendant's Offense Conduct**

In August 2017, Defendant was charged by way of a three count Indictment of trafficking both cocaine and methamphetamine. The Government's investigation showed that, over the course of some nine months, Defendant was engaged in the distribution of marijuana, heroin, cocaine, and methamphetamine.

Defendant pled guilty to Count 3 of the Indictment as part of a plea agreement that included a binding term of 204 months' imprisonment. On August 21, 2019, the Court accepted the terms of the binding plea agreement and sentenced Defendant accordingly, followed by five years of supervised release. Defendant is currently held at Terre Haute, FCI, with an expected release date of January 28, 2032.

B.   **Legal Analysis**

Defendant's motion requests compassionate release. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

(1) in any case --

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—

(i) extraordinary and compelling reasons warrant such a reduction …

… and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because Defendant, not the Director of the BOP, filed the motion, the Defendant must first demonstrate that he meets the statutory exhaustion. The parties agree that Defendant has done so, allowing the Court to proceed to the merits of the motion.

Congress did not define "extraordinary and compelling reasons" in the statute, instead delegating the matter to the Sentencing Commission to promulgate a policy statement that "describe[s] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The policy statement, contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes, have not been amended to reflect the First Step Act's change

to § 3582(c)(1)(A) allowing prisoners to bring compassionate release claims directly before the court. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Accordingly, "§ 1B1.13 and its application notes provide useful – but not binding – guidance to courts in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release." *United States v. Hoskins*, No. 2:99 CR 117, 2020 WL 7640408, at *2 (N.D. Ind. Dec. 23, 2020) (citing *Gunn*, 938 F.3d at 1180). Indeed, "[d]istrict judges must operate under the statutory criteria–'extraordinary and compelling reasons'–subject to deferential appellate review." *Gunn,* 980 F.3d at 1181.

Using the guidance of §1B1.13 to inform the statutory criteria, the court considers the medical condition of the defendant, his age, his family circumstances, and whether there exists in the defendant's case an extraordinary or compelling reason "other than or in combination with" the other reasons described in the Application Notes.[1] Second, the Court determines whether the Defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court considers the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Additionally, when the defendant moves for a reduction based on COVID-19, Courts have also considered: (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-19, and (3) the extent that the defendant's release would mitigate or aggravate the COVID-19

---

[1] However, as *Gunn* made clear, the policy statement's requirement that the court consider whether the reduction is otherwise "consistent with this policy statement" does not limit a district judge's discretion. This is because the statute by which the district court is bound requires a reduction to be consistent with "applicable policy statements." And, the Sentencing Commission has not yet issued a policy statement "applicable" to the Defendant's request. Thus, *Gunn* held, "[a]ny decision is 'consistent with' a nonexistent policy statement." *Gunn*, 980 F.3d at 1180. !

pandemic. *See United States v. Barrett*, No. 2:17-CR-1, 2020 WL 3264112, at *3 (N.D. Ind. June 17, 2020); *see also United States v. Davis*, No. 2:19-CR-74-3, 2020 WL 1951652, at *1–2 (N.D. Ind. Apr. 23, 2020) (applying similar factors to consider whether there was a "compelling reason" for pretrial release due to the COVID-19 pandemic). In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions." *See United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D.Ill. May 12, 2020).

Defendant identifies several medical conditions which, he claims, entitle him to supervised release, including: obesity, asthma, high blood pressure, high cholesterol, heart issues, depression, anxiety, chronic back and knee pain, and swollen feet and ankles. As the Government concedes, Defendant's obesity, asthma, and high blood pressure have been identified by the CDC as conditions which would, or might, expose Defendant to the risk of serious complications if he contracted COVID-19. *See* CDC, People Who Are at Increased Risk for Severe Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html. However, the Court does not find that his conditions, either individually or combined, amount to extraordinary or compelling reasons for release.

Defendant's obesity likely presents the most serious risk of complications, but his BMI alone provides little insight into his physical condition. BMI is a notoriously blunt tool with "clinical limitations," including its inability to differentiate between excess fat, muscle, and bone mass. *See* CDC, Body Mass Index: Considerations for Practitioners, https://www.cdc.gov/obesity/downloads/bmiforpactitioners.pdf (July 7, 2020). Defendant has

4

identified no current medical issues resulting from his obesity, indicating to the Court that it has little adverse effect on his overall health.

It must also be pointed out that Defendant's obesity is the result, at least in part, of poor life choices on his part. Defendant does not have an underlying disease which caused his obesity; he has the consequences of his apparent lack of physical activity and poor diet. Compassionate release on this basis would cheapen the concept of extraordinary and compelling circumstances.

With respect to Defendant's high blood pressure and asthma, both appear to be well-controlled. Defendant's medical records repeatedly refer to his blood pressure as being "in good range." Defendant was prescribed an emergency inhaler for his asthma, but he does not appear to have suffered any significant duress from the condition. Moreover, an October 2020 chest x-ray was normal. The Court does not doubt that Defendant suffers from the identified conditions, but there is no reason to believe that the conditions are severe enough to merit compassionate release.

As for his confinement, Terre Haute, FCI currently reports only a single inmate with a positive COVID-19 test. https://www.bop.gov/coronavirus/. Even if there were many more cases, "the mere presence of COVID-19 in a particular prison cannot justify compassionate release—if it could, every inmate in that prison could obtain release." *See Melgarejo*, 2020 WL 2395982, at *3. Rather, "a prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." *Id.* at 5–6. *See also United States v. Raia,* 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.").

The Bureau of Prisons continues to take serious and substantial steps to reduce the spread of COVID-19 within its facilities. *See* Federal Bureau of Prisons, COVID-19 Action Plan: Phase Seven (posted on May 20, 2020), https://www.bop.gov/resources/news/20200520_covid-19_phase_seven.jsp; *see also*, BOP COVID-19 Modified Operations Plan, https://www.bop.gov/coronavirus/covid19_status.jsp. The fact that Defendant has managed to avoid contracting COVID-19 more than a year into the pandemic is a testament to the BOP's efforts.

Finally, the § 3553(a) factors do not support release. As the Government notes, Defendant's agreed sentence was already significantly below the Guidelines range. It does appear that Defendant has done well while incarcerated, completing educational courses and holding a job, but rehabilitation is not grounds for compassionate release. U.S.S.G. § 1B1.13, n.3; 28 U.S.C. § 994(t). Defendant's extended sentence was imposed to reflect the seriousness of the offense, promote respect for the law as well as to afford adequate deterrence and to protect the public from further crimes of the defendant. The Court finds that the significant sentence reduction that Defendant seeks, reducing his sentence by nearly 75%, would greatly undermine the above statutory purposes of sentencing.

In sum, because this Court does not find extraordinary and compelling circumstances exist for Defendant's release and finds that a reduction of sentence is inconsistent with the § 3553(a) factors, Defendant does not meet the criteria for compassionate release and his motion (ECF No. 143) is DENIED.

SO ORDERED on March 23, 2021.

                                                      s/ *Holly A. Brady*
                                                      JUDGE HOLLY A. BRADY
                                                      UNITED STATES DISTRICT COURT