UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CASE NO. 1:17-CR-45-HAB-SLC |
| DORRION JEFFERSON, et al., | |
| Defendants. | |

**OPINION AND ORDER**

In 2019, Defendant Dorrion Jefferson pleaded guilty to a single count of distributing methamphetamine pursuant to a plea agreement for a binding 204-month term of imprisonment. Now before the Court is Defendant's second letter seeking his compassionate release, which the Court construes as his third request for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 156). In the letter, Defendant asserts that post-incarceration rehabilitation should warrant a reduction of his sentence. Because post-incarceration rehabilitation alone is not an extraordinary or compelling reason for compassionate release, his motion will be denied without further proceedings. *See United States v. Alexander*, No. 23-3395, 2024 WL 2763814, at *2 (7th Cir. May 30, 2024) ("[W]e have never suggested that full briefing is required" on motions for compassionate release).

**I.    Factual and Procedural Background**

Nothing in the facts or procedure has changed since Jefferson's previous two attempts at compassionate release. Thus, the Court incorporates by reference the same factual and procedural recitation from its prior orders. (ECF Nos. 142, 151).

**II.     Legal Discussion**

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. See 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. See 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

> (1) in any case –
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—
> (i) extraordinary and compelling reasons warrant such a reduction … … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

While the statute does not define "extraordinary and compelling reasons," Congress tasked the United States Sentencing commission with explaining these terms by promulgating general policy statements on the sentencing modification provisions in 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). Under that authority, the Sentencing Commission issued a Policy Statement on § 3582(c)(1)(A), which provides six circumstances that may provide "extraordinary and compelling reasons" for a reduction in sentence. See U.S. Sentencing Guidelines Manual § 1B1.12. Those six circumstances are:

- certain medical circumstances of the defendant;
- the defendant's age;
- the defendant's family circumstances;
- the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction of, a correctional officer;
- any other circumstances or combination of circumstances similar in gravity to the circumstances listed above; and

- the defendant received an unusually long sentence.

*Id.* § 1B1.12(b)(1)–(6).

If the defendant identifies one or more of these circumstances, the court proceeds to the second step and "exercis[es] the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner." *United States v. Peoples*, 41 F.4th 837, 840 (7th Cir. 2022)

Defendant's third motion fails off the bat because the only ground he asserts for the Court's consideration is his varied efforts to rehabilitate himself while incarcerated. These alleged efforts include his consistent good conduct while incarcerated, which he claims earned him a transfer to a lower-security facility; his successful completion of recommended programming and multiple trade skills courses; and his earning of a GED. (ECF No. 156). He also lists various ways in which he plans to be a productive member of society once he is released, including sharing his own experience to help troubled teens as well as to be an active, present father with his children. (*Id.*).

These efforts will serve Defendant well upon his release and the Court congratulates him for an effective use of his time. Nevertheless, rehabilitation is not a stand-alone reason for compassionate release. *See Peoples*, 41 F.4th at 842 ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme."); U.S.S.G. § 1B1.13(d) ("[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" for compassionate release). Consistent with the Guidelines, the Court rejects Defendant's argument that his rehabilitation is an extraordinary and compelling reason for his release.

**III.     Conclusion**

For these reasons, Defendant's motion for sentence reduction (ECF No. 156) is DENIED.

SO ORDERED on September 15, 2025.

                                                    s/Holly A. Brady
                                                    CHIEF JUDGE HOLLY A. BRADY
                                                    UNITED STATES DISTRICT COURT